**In re Andrea TOLEDANO, Debtor.**

**Gary Iskowitz, Plaintiff,**

v.

**Andrea Toledano, Defendant.**

**Bankruptcy No. 91–11221 (CB).
Adversary No. 91–6143.**

United States Bankruptcy Court,
S.D. New York.

March 24, 2005.

Peter J. Rossi, Lead Attorney, Law Office of Michael B. Wolk, P.C., New York, NY, for Debtor.

***DECISION AFTER AN ORDER OF REMAND TO REVIEW THE APPLICABILITY OF LACHES AND UNCLEAN HANDS TO THE DEBTOR'S 1991 CASE***

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

### MATTER BEFORE THE COURT

On March 4, 2005, the District Court for the Southern District of New York vacated the decision of this Court denying the motion of Appellant Alan Rosefielde ("Appellant" or "Rosefielde")to revoke the September 15, 2003 order of the Bankruptcy Court. The September 15, 2003 order effectively vacated the September 12, 1995 order of Final Decree in Case No. 91–11221(CB) and directed that the Debtor was discharged. On remand from the District Court, this Court now considers whether the equitable defenses of laches and unclean hands bars Debtor/Appellee, Andrea Toledano (the "Debtor")from receiving a chapter 7 discharge in her 1991 bankruptcy case. For the reasons stated below, this Court finds that the defenses of laches and unclean hands is wholly inapplicable to the 1991 case. Laches and unclean hands do not attach to bar the Debtor from receiving a discharge in the 1991 case when: (a) an objecting creditor fails to prosecute a timely made objection for three years, (b) the adversary proceeding for the underlying objection is closed by the court for lack of prosecution, (c) no further objections were made preventing the order of discharge from issuing, and (d) the Clerk's Office commits a clerical error by denying the discharge when there were no objections to discharge pending. The decision of this Court is predicated on the rule of law, under Federal Rule of Civil Procedure 60(a). In this case, the law required that a chapter 7 debtor whose bankruptcy case was unopposed when the final decree was entered, be given a discharge. Since the Debtor was denied a discharge by an administrative error of the Clerk's Office, the entitlement to discharge is not subsequently waived by: (a) alleged bad acts in another unrelated bankruptcy case, or (b) any alleged ambiguities in the record concerning what actually transpired in the case triggering the denial of discharge. Procedurally, the Debtor was entitled to a specific result after the adversary proceeding was closed, and no further objections were received. Whether she personally was aware of her entitlement to discharge at that time or nearly ten years later is of no consequence, since the time to object to a judgment denying a discharge is absolute under Federal Rule of Civil Procedure 60(a).

This Court did retroactively, what it was legally bound to do, as prescribed by the laws of the Bankruptcy Code and the Federal Rules of Civil Procedure. The Court cannot now fashion a remedy for Rosefielde, under Rule 60(b) and deny the Debtor's discharge based on the findings of fraud in the 2000 bankruptcy case.

## FACTS AND PROCEDURAL HISTORY

The District Court memorialized the facts of this case in its March 4, 2005 decision (the "Decision"). The relevant facts are provided as follows. On March 21, 1991, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York. *Archive Docket at 1; Bankruptcy Petition, Ex. "C" of the Appellant's designation of the record; Decision at 1.* On August 7, 1991, this Court approved a stipulation providing an extension of time for judgment creditor Gary Iskowitz ("judgment creditor" or "Iskowitz") to object to the Debtor's discharge. *Opinion dated July 2, 2004.* On September 6, 1991, counsel for Iskowitz filed an adversary proceeding against the Debtor, (captioned as Adversary Proceeding No. 91–6143A). *Archive Docket at 3; Ex. "D" of the Appellant's designation of the record, Adversary Complaint dated September 6, 1991; Decision at 1.* The archive records indicate that after filing the adversary complaint, counsel for Iskowitz failed to prosecute the adversary proceeding for three years. *Decision at 1; Opinion dated July 2, 2004; Archived Docket 7a, Order to Show Cause dated August 17, 1994; Ex. "G" of Appellant's designation of the record.* On August 17, 1994, this Court *sua sponte* directed all interested parties to attend a hearing and show cause why the Court should not enter a final order closing the adversary proceeding. *Docket at 2; Decision at 2; Ex "G" of the Appel-*

*lant's designation of the record, Order to Show Cause dated August 17, 1994.* On September 14, 1994, counsel for the judgment creditor filed a response to the Order to Show Cause, requesting that the Court not close the adversary proceeding and grant a six-month extension to continue to prosecute a non-payment proceeding against the Debtor in state court. *Archive Docket at 9A; Ex. "H" of the Appellant's designation of the record, Affidavit in Response to the Order to Show Cause.* In his September 14, 1994 affidavit, counsel for the judgment creditor alleged that the Debtor's schedules contained false information that was known to be false when executed. *Ex. "H" of the Appellant's designation of the record, Affidavit ¶ 6 at 2.* The affirmations made by counsel were identical to the allegations in the adversary complaint filed on September 9, 1991. *Ex. "D" of Appellant's designation of the record, Adversary Complaint ¶ 3 at 2.* The affirmations of counsel remained largely unsubstantiated as they were not prosecuted during the intervening three year period leading up to August 17, 1994, nor did counsel prosecute the allegations of fraud subsequent to filing his September 14, 1994 affidavit in response to the Order to Show Cause. Accordingly, after hearing notices were issued by this Court in October and November 1994, giving parties to the adversary proceeding their due process right to be heard on the matter, on November 14, 1994 this Court closed the adversary proceeding for failure to prosecute. *Ex "I", Order dated November 14, 1994; Decision at 2.* On August 2, 1995, the Clerk's Office sent a notice to all interested parties denying the Debtor's discharge, even though there were no objections to discharge pending before this Court at that time. *Docket Nos. 34–35.* On September 12, 1995 an Order of Final Decree was entered. The case was closed

on September 19, 1995. When this Court became aware of the fact that a clerical error had been made, this Court then vacated the September 12, 1995 Order of Final Decree and granted the Debtor's discharge by order dated September 15, 2003.

## DISCUSSION

### The Defense of Laches does not apply

■ Appellant argues that the discharge was improper under Rule 60(a) of the Federal Rules of Civil Procedure because the error was not a "clerical error" and even if the discharge was properly granted under 60(a), the Debtor could not receive such relief because of the equitable defenses of laches and unclean hands. *Decision at 2*. Laches is an equitable doctrine that bars the assertion of a claim if a party's unreasonable delay in filing the claim prejudices another party. *In re Schultz*, 250 B.R. 22, 38 (Bankr.E.D.N.Y. 2000) *citing In re Coffee Cupboard, Inc.* 118 B.R. 197, 200 (Bankr.E.D.N.Y.). Laches is applied to circumstances where: (a) a party delays in asserting a claim despite the opportunity to do so,(b) the defendant had no knowledge that the claim would be asserted, and (c)the defendant would be prejudiced by the allowance of the claim. *Rapf v. Suffolk County of New York*, 755 F.2d 282, 292 (2d Cir.1985) The Court will find prejudice if a defendant relied on the status quo and changed his position because of the delay. *Id.* Under the circumstances, the eight year delay in granting the Debtor's discharge is not barred by laches. This Court stands by its prior decision and reiterates that the failure of the Clerk's Office to grant a discharge to the Debtor when there were no pending objections in the case, was a clerical error, and this Court was required to provide equity to the Debtor. If the judgment creditor relied on the denial of

discharge during the last eight years, he assumed the risk. Even if counsel for the judgment creditor can prove delay, and prejudice to the allowance of the claim, counsel knew that the adversary proceeding was closed and that there were no objections to discharge. Therefore, it was expected that the Debtor would be entitled to her discharge, even if eight years transpired before such relief could be granted.

### There is no finding of Unclean Hands

■ The doctrine of unclean hands is based on the principle that "since equity tries to enforce good faith in defendants, it no less stringently demands the same good faith from the plaintiff." *Dunlop–McCullen v. Local 1–S, AFL–CIO–CLC*, 149 F.3d 85, 90 (2d Cir.1998) *quoting* 11A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure: Civil 2d § 2946 at 108 (1995)*. In other words, one must give equity, to get equity. Courts apply the doctrine of unclean hands to prevent a party from using the courts to reap benefits from his or her wrongdoing. *In re Uwimana*, 274 F.3d 806, 811 (4th Cir.2001)(finding that the Rwandan government was not barred, on the theory of unclean hands, from commencing an adversary proceeding in its former ambassador's chapter 7 case). This Court finds that based on the standard cited above, the defense of unclean hands does not apply here.

### The Time to Correct a Clerical Error is Absolute

■ Under Rule 60(a) of the Federal Rules of Civil Procedure, the time to correct a clerical error is *absolute,* and therefore should not be subject to laches or unclean hands. Counsel's time to object and prosecute a matter, however, is finite. Counsel must exercise the right and meet his burden of proof, or he will be barred

from asserting an objection. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 1645, 118 L.Ed.2d 280 (1992). In *Taylor*, a debtor claimed a greater exemption than she would have been allowed for a pending employment discrimination lawsuit. *Id.* at 640, 112 S.Ct. 1644. The chapter 7 trustee failed to object to the exemption within the statutory thirty-day period allowed under Fed. R. Bankr.P. 4003(b), having concluded that the lawsuit had no value for the estate. *Id.* at 641, 112 S.Ct. 1644. When the trustee later learned that the lawsuit was valuable to the estate, the trustee filed a complaint in the bankruptcy court demanding that the debtor turn over settlement proceeds associated with the lawsuit. *Id.* While the trustee acknowledged that under Rule 4003(b), exemptions are granted if there are no objections, the trustee argued that courts could invalidate a claimed exemption after the statutory period to object has run, if the debtor did not have a good-faith or reasonably disputable basis for claiming it. *Id.* at 643, 112 S.Ct. 1644. The Supreme Court disagreed with the trustee's rationale and held that, "creditors may not object after thirty days unless within such period, further time is granted by the court. As the Bankruptcy Court did not extend the thirty-day period, Section 522(*l*) has made the property exempt, [thereby] barring the trustee from contesting the exemption whether or not the debtor had a colorable statutory basis for claiming it." *Id.* at 644, 112 S.Ct. 1644.

Applied to the facts of this case, counsel for the judgment creditor in the 1991 case raised allegations of fraud in his adversary complaint, but failed to prosecute the matter further. Even when the Court afforded counsel an opportunity to address the underlying issues in the adversary complaint at the hearing on the Order to Show Cause, counsel failed to reinstate the adversary proceeding at that time. If counsel had prosecuted the action in the Bankruptcy Court under § 727(a)(4), it is not likely that he would have succeeded on the merits of his claim, absent tangible evidence of the Debtor's fraudulent intent to make false statements or omit information on her schedules, proven by a preponderance of the evidence. *See In re Kaiser*, 722 F.2d 1574 (2d Cir.1983)(where the court found that actual intent must be shown, even through circumstantial evidence and "badges of fraud")

Under *Taylor*, counsel for Rosefielde may not: (a) get a "second bite at the apple" to prosecute the allegations of fraud in the 1991 case, (b)retroactively apply the findings of the 2000 bankruptcy case to the 1991 case, and (c) object to discharge ten years after the discharge should have issued. It would be an abuse of discretion to allow relief to Rosefielde on any of these issues, since discharge would have been automatic subsequent to the closing of the adversary proceeding.

■ There are a few provisions in the Bankruptcy Code that are automatic and remain in effect unless an interested party files a motion for relief. For example, in *Taylor*, the United States Supreme Court held that "under § 522(*l*), property claimed as exempt . . . is exempt, [u]nless a party in interest objects, but does not specify the time for objections. . . ." *Taylor v. Freeland & Kronz, et al.*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280. Analogously, in the present case, under § 727(a) a chapter 7 debtor receives a discharge unless a party in interest objects. In light of the foregoing, this Court found that it was appropriate to review the facts under 60(a) and not 60(b).

## The Debtor was entitled to a discharge in the 1991 case

The natural and probable result of closing the adversary proceeding was to grant

a discharge. A clerical mistake in the judgment should not now bar the Debtor's discharge, even though eight years have transpired since the judgment was originally entered.[1] The Court can neither remedy the failure of Iskowitz's counsel to preserve the adversary proceeding, or penalize the Debtor's counsel under 60(b), on the theory that he negligently failed to contest the denial of the discharge within the statutory period.

■ If the Bankruptcy Court in the 2000 case found that the Debtor made knowing and fraudulent misrepresentations during the course of her 2000 proceeding, then the Bankruptcy Court in the 2000 case would have been able to make a final determination as to her discharge in that case. However, that determination has no bearing on, and may not be retroactively applied to the 1991 case absent a determination by this Court that: (a) the Debtor intentionally misled this Court during the 1991 case, (b) the 1991 discharge was denied on the basis of that fraud, or (c) in light of the new findings of fraud, this Court should let the denial of discharge stand in the 1991 case. This Court makes no such findings.

To reiterate, this Court's actions were based on procedural requirements under the law, after the disposition of a matter in the underlying case was adjudicated and/or otherwise resolved. This Court issued the Order to Show Cause with the intent to afford the Debtor and her adversary an opportunity to obtain a final resolution to the adversary proceeding. This Court closed the adversary proceeding with the intent to issue a discharge, given the fact that Iskowitz's counsel failed to revive the adversary proceeding or pursue other objections after 1994. *Transcript of April 27, 2004 Bankruptcy Court Hearing for Case No. 91–11221 at 9:16–24; Transcript at 22:10–15; Tr. 22:23 to 23:2.* There are no stipulations or agreements entered on the docket memorializing the fact that some other arrangement was agreed to or anticipated by the parties to the adversary proceeding. There are no affidavits, pleadings, or orders entered on the docket indicating that the parties intended to revive the adversary proceeding, withdraw the case, or deny the Debtor her discharge. Accordingly, this Court applied the law under Federal Rule of Civil Procedure 60(a) to vacate the Order of Final Decree of September 12, 1994, when it became aware of the fact that the Clerk's Office did not follow the intent of the Court to close both the adversary proceeding and the case and grant the Debtor's discharge.

### CONCLUSION

Based on the foregoing, Appellant's motion is DENIED with respect to the issue of laches and unclean hands.

---

**1.** Federal Rule of Civil Procedure 60(a) provides that, "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."